The People of the State of Illinois ex rel. Daniel N. Eisendrath, Petitioner and Appellee, v. James C. Denvir et al., Respondents and Appellants.

Gen. No. 32,707.

Opinion
filed November 7, 1928.

ROBERT E. CROWE, State's Attorney, and GEORGE A. MILLER, Assistant State's Attorneys, for appellants; HENRY A. BERGER, of counsel.

R. E. BLACKWOOD, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

The People of the State of Illinois ex rel. Daniel N. Eisendrath filed a certain petition for a writ of manda-

mus, praying that the defendants, James C. Denvir, Erwin J. Hasten and George T. Moxley, civil service commissioners of Cook county, be directed that a certain register, showing the result of a civil service examination be prepared and filed as required by law. The petition in effect charges that the said Eisendrath is a citizen and taxpayer of the city of Chicago, county of Cook and State of Illinois, and that there was in full force and effect in said county an act, Cahill's St. ch. 34, ¶ 66(10) *et seq.,* entitled, ''An Act to amend an Act entitled 'An Act to revise the law in relation to the election of county commissioners in Cook county' ''; that part of said act relates to the civil service of Cook county and the method of selecting its employees thereunder; that the president of the county board, by virtue of said act, should appoint three persons as civil service commissioners; that said commission should make rules to carry out the purposes of the act and for examinations, appointments and removals in accordance with the provisions of the act. It charges that applicants should be subjected to examination, which would be public and competitive with specified limitations as to residence, age, health, etc.; charges that it was the duty of the commissioners from the returns or reports of the examiners, or from the examinations made by the commission, to prepare a register for each grade or class of positions in the classified service of Cook county, whose general average standing upon examination was not less than the minimum fixed by the rules of the commission, and that such persons shall take rank upon such register as candidates in their relative excellence as determined by the examination.

It charges that the defendants were the civil service commissioners of Cook county and, in accordance with the law, held an examination for the position of urologist, which was a duly classified position and that an examination was held May 12, 1927, and that the papers were marked but that no register was prepared;

charges that petitioner submitted to said examination, but that no register was prepared and that the reason therefor was that one of the examiners bore a certain enmity to the petitioner Eisendrath and discovered after the examination that the markings of your petitioner Eisendrath would result in his name being placed third on such register; charges that all the necessary acts to establish such register were performed excepting the posting of the same and that this refusal to post said register was illegal and without authority under the law; charges that if said register had been prepared and filed, the name of the petitioner would have appeared upon said eligible list as eligible for the appointment to the position of urologist for a term of six years; charges that petitioner Eisendrath has requested that said register be prepared as required by law, but that the commissioners refused and still refuse so to do; prays that a writ of mandamus be directed to said defendants to prepare said register according to the law made and provided in such cases.

To this petition a general demurrer was filed and overruled and respondents elected to stand by their demurrer and judgment was duly entered for petitioners, from which judgment this appeal is perfected.

It is urged as ground for reversal that the petition was insufficient to warrant the issuance of the writ; that the civil service commission has complete control of examinations and only the excuse of bad faith can be reviewed; that the petition must show a clear legal right to the writ; that the petition fails to allege that there was in existence a position known as that of urologist.

Mandamus is a common-law proceeding and matters contained in the same which are superficial, irrelevant and evidentiary should be stricken from the petition on a motion to strike. No such motion was made in this case but, instead, a demurrer was filed and, for

that reason, it becomes necessary to consider whether or not there were sufficient facts charged in the petition upon which the order authorizing the issuance of the writ could be predicated.

The question involved is not a question of discretion, but is ministerial in its nature in that the preparing and filing of the register after the examination was purely a matter of form and computation and the actual filing was purely ministerial for the purpose of carrying out the intent of the legislative enactment.

The petition in effect charges that the examination was held; that the petitioner took the examination; that he was third on the list; that the commissioners have illegally failed and refused to file the result of the examination by the register provided, and we believe that there were sufficient facts charged in this record to justify the issuance of the writ.

In regard to the position of respondents that it does not appear that there was any legal existence of the position of urologist, it is sufficient to say that the petition charges that the position of urologist was a classified position under the heading, "Attending Staff, County Hospital, Class A, Rank 2, Grade 1 to 1 N Inc."; charges further that an examination for that position was held and we naturally assume that the respondents were not holding an examination for a position which was not included under the classification of county positions over which the commission had control by examination.

The demurrer admits these facts and, in the absence of an allegation by counsel, to the contrary we take it that the fact that there was such a position is sufficiently well pleaded.

For the reasons stated in this opinion the judgment of the trial court is affirmed.

*Judgment affirmed.*

HOLDOM, P. J., and TAYLOR, J., concur.